IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CRANE 1 SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| PATRIOT CRANE & HOIST, INC., | ) |
| NICHOLAS R. BROWN, and | ) |
| RANDALL L. SMITH, | ) |
| | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Crane 1 Services, Inc. ("Crane 1") brings this action to obtain injunctive and other relief against Defendants Patriot Crane & Hoist, Inc. ("Patriot Crane"), Nicholas R. Brown ("Brown"), and Randall L. Smith ("Smith") (Defendants Brown and Smith are sometimes referred to herein as the "Individual Defendants") and states as follows:

**NATURE OF THE CASE**

This is an action for preliminary and permanent injunctive relief and damages for various claims arising under the substantive law of Tennessee. Plaintiff brings this suit as a result of each Individual Defendant's breach of his restrictive covenant with Plaintiff and/or tortious interference with Plaintiff's contractual relationships and Patriot Crane's tortious interference with Plaintiff's contractual relations to enjoin any future breaches by Defendants.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Crane 1 is incorporated in the State of Delaware and maintains its principal place of business in Franklin, Ohio.

2. Plaintiff is, and at all times relevant herein was, lawfully doing business in the Eastern District of Tennessee. Plaintiff has locations throughout the United States and maintains and operates a branch at 4145 Appalachian Way, Knoxville, Knox County, Tennessee 37918 ("Knoxville Branch").

3. Defendant Patriot Crane is incorporated in the State of Georgia and maintains its principal place of business at 3860 Valley Creek Drive, Flowery Branch, GA 30542 or P.O. Box 425 Gillsville, GA 30543. Defendant Patriot Crane may be served with process through its registered agent, K. L. Heard, Jr., 3008 Cedar Glen Run, Gainesville, GA 30507.

4. Defendant Brown is a Tennessee resident who may be served with process at his residence, which is 171 Webb Ln. NE, Cleveland, Tennessee 37323. Brown was employed by Crane 1 from on or about April 15, 2013 until August 25, 2015. He was last employed by Crane 1 as a Service Manager at its Knoxville Branch. He is now employed by, or contracted with, Patriot Crane.

5. Defendant Smith is a Tennessee resident who may be served with process at his residence, which is 1260 Tarwater Rd., Knoxville, Tennessee 37920. Smith was employed by Crane 1 from on or about June 9, 2004 until October 16, 2015. He was last employed by Crane 1 as a Service Technician at its Knoxville Branch. He is now employed by, or contracted with, Patriot Crane.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

7. This Court has personal jurisdiction over Defendants because they reside in and/or are doing business in the State of Tennessee.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Individual Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS GIVING RISE TO PLAINTIFF'S CAUSES OF ACTION

### A. Plaintiff's Business

9. At all times material herein, Plaintiff has been engaged in the business, among other things, of providing their customers with inspection, maintenance and equipment solutions for industrial and commercial users of overhead cranes and hoists.

10. Through years of experience, Plaintiff has developed integrated, standardized methods of operation and sales and marketing programs for its business. Plaintiff has invested substantial sums in accumulating market data and in developing its methods of operation which contributed greatly to its success in this business.

11. Plaintiff's confidential information, as described herein, as well as Plaintiff's customer lists, customer information, methods of operation, and sales and marketing programs are unique, confidential, and are not generally known to the public. This information affords Plaintiff an extremely valuable advantage over its competitors. All of this information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. Plaintiff has taken reasonable efforts to maintain the secrecy of this information.

12. Because of the highly competitive nature of the crane servicing business, Plaintiff has developed policies and procedures to protect its confidential and/or proprietary information and trade secrets and its goodwill earned through contact with its customers. Accordingly,

Plaintiff's employees covered by these policies enter into an Employment Agreement containing restrictive covenants with respect to competition, solicitation, and disclosure of confidential information.

### B. Brown's and Smith's Restrictive Covenants

13. On or about April 15, 2013, Brown, in consideration for and as a condition of his employment with Crane 1, signed a written Employment Agreement (the "Brown Agreement") with Crane 1, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

14. On or about June 9, 2014, Smith, in consideration for and as a condition of his employment with Crane 1, signed a written Employment Agreement (the "Smith Agreement") with Crane 1, a copy of which is attached hereto as Exhibit B and incorporated herein by reference.

15. In executing the Employment Agreements, Brown and Smith agreed that they would not disclose to any other person or entity any of Crane 1's confidential or proprietary information or trade secrets. In this regard, the Brown and Smith Agreements provide as follows:

> a. Employee acknowledges that during the course of his/her employment with the Company, he/she has had and will continue to have access to confidential information. Such "confidential information" is defined as information including but not limited to, any technical information, crane and hoist manufacturer, maintenance and service information, design, process, business plan, business information, customer data, financial information or listing of information of any kind, which is of value to the Company and which is not a matter of general public knowledge. Employee acknowledges that the Confidential Information has been maintained as confidential by the Company, is highly valuable and proprietary to the Company, and that disclosure of it to third parties or unauthorized use of it by Employee would cause the Company serious competitive harm.
>
> (*See* Brown and Smith Agreements, Par. 4, Confidential Information).

b. Employee shall, immediately upon termination of employment, return to the Company all confidential information as well as any copies made of the information and any other material, including handwritten notes, made or derived from that information.

(*See* Brown and Smith Agreements, Par. 6, Non-disclosure of confidential information).

c. Employee shall not during his/her employment disclose to any third parties confidential information, and he/she shall confine use of confidential information exclusively to carrying out his employment responsibilities for the Company. Employee shall not for a period of five (5) year[s] after termination of his/her employment disclose or use in any way for any purpose Confidential Information.

(*See* Brown and Smith Agreements, Par. 6, Non-disclosure of confidential information).

16. In addition to the foregoing, Brown and Smith each agreed that, for a period of twelve months from the last day of their employment they would not: 1) engage in any activity which is competitive with the business of Crane 1 within 200 miles of the Knoxville Branch, or 2) solicit any customers of Crane 1. In this regard, the Brown and Smith Agreements provide as follows:

a. Employee agrees that for the period of time listed below [Twelve (12) Months] following resignation or termination from employment for any reason, he/she will not engage either directly or indirectly as an employee, consultant, officer, director, shareholder, partner, or any other capacity which is competitive with the business of Crane 1 Services, Inc. in the applicable geographic area specified below [200 Mile radius].

(*See* Brown and Smith Agreements, Par. 8, Non-competition and non-solicitation).

b. Employee will not, either directly or indirectly, contact, solicit or otherwise engage or attempt to engage in any business relationship with any individual or business entity with which the Company is doing business or has done business for a period of twelve (12) months subsequent to the date of termination.

(*See* Brown and Smith Agreements, Par. 8, Non-competition and non-solicitation).

### C. Individual Defendants Have Become Employed by Defendant Patriot Crane

17. Both Individual Defendants recently resigned their employment with Crane 1 and currently are employed by, or affiliated with, Defendant Patriot Crane – a direct competitor of Crane 1.

18. Patriot Crane, like Crane 1, is engaged in the crane servicing business. On its marketing materials, Patriot Crane advertises services to repair, modernize, and maintain overhead cranes and hoists.

### D. Defendants' Unlawful Conduct

19. Individual Defendants held positions of trust and confidence at all times during their employment with Crane 1. To enable Individual Defendants to carry out their employment obligations on Plaintiff's behalf, Individual Defendants were provided with and, upon information and belief, retain confidential, proprietary, and secret information, documents, and records of Plaintiff, its affiliates and its customers.

20. In addition, as the principal contact between Crane 1 and many of its customers, during the course of their employment with Crane 1, Individual Defendants were able to establish and develop strong customer relationships and goodwill. Given the length of time that Individual Defendants performed these duties on behalf of Crane 1, the customers associate Individual Defendants as one and the same as Crane 1.

21. Following termination of their employment with Crane 1, Individual Defendants, through Patriot Crane and with its knowledge, have solicited, and continue to solicit, companies that are customers of Crane 1 in violation of their Agreements with Crane 1.

22. By way of example, Brown has solicited Crane 1's customer Wacker Chemie AG at its facility in Charleston, Bradley County, Tennessee, Crane 1's customer Eagle Bend

Manufacturing at its facility in Clinton, Anderson County, Tennessee, and Crane 1's customer Kimberly Clark Corporation at its facility in Loudon County, Tennessee.

23. Also, Smith has solicited Crane 1's customer Aisin Automotive at its facility in Clinton, Anderson County, Tennessee.

24. Following termination of their employment with Crane 1, Individual Defendants have performed, and are performing, services for Patriot Crane within 200 miles of Crane 1's Knoxville Branch.

25. Following termination of their employment with Crane 1, Individual Defendants have used, and continue to use, confidential information acquired through their employment with Crane 1 for the benefit of Patriot Crane in attempting to procure contracts with customers of Crane 1, contrary to their Agreements with Crane 1.

26. Defendants' actions, as described herein, were committed maliciously, intentionally, and with a reckless disregard for the rights of Plaintiff, such that an award of punitive or other exemplary damages against the Defendants is proper.

## COUNT I

## (AGAINST ALL DEFENDANTS)

## APPLICATION FOR PRELIMINARY AND PERMANENT

## INJUNCTIVE RELIEF

27. Plaintiff hereby incorporate the allegations of Paragraphs 1 through 26 herein.

28. Plaintiff's rights are being and/or will be violated as a direct and proximate result of Defendants' actions, as described above.

29. As a direct and proximate result of the actual and/or threatened violation of its rights and breach of the Agreements, Plaintiff has suffered and will continue to suffer immediate

and irreparable injury, loss and damages pending a final judgment in this action, specifically, but not limited to, the permanent loss of its customers, good will, sales, and potential sales.

30. The threatened injury to Plaintiff substantially outweighs any threatened harm to the Defendants from granting injunctive relief and the granting of an injunction will not disserve the public interest.

31. Any available remedy at law would be inadequate to compensate Plaintiff for the injury they have and will continue to sustain as a result of Defendants' actions if no injunction were to issue.

## COUNT II

### (AGAINST DEFENDANTS BROWN AND SMITH)

### BREACH OF CONTRACT

32. Plaintiff hereby incorporates the allegations of Paragraphs 1 through 31 herein.

33. Defendants, by performing services for Patriot Crane as set forth above, by soliciting the customers of Crane 1 as set forth above, and by making use of their knowledge of Plaintiff's business that was acquired during their employment with Crane 1 as set forth above, have breached the express terms of their Employment Agreements with Crane 1.

34. As a result of Defendants' actions, Plaintiff has suffered and will suffer great, substantial, and irreparable injury and damage to their business, as described above.

## COUNT III

### (AGAINST ALL DEFENDANTS)

### VIOLATION OF THE TENNESSEE UNIFORM TRADE SECRETS ACT, T.C.A. §§ 47-25-1701, ET SEQ. ("ACT").

35. Plaintiff hereby incorporates the allegations of Paragraphs 1 through 34 herein.

36. Defendants have, and continue to, misappropriate Plaintiff's trade secrets in violation of T.C.A. § 47-25-1702.

37. T.C.A. § 47-25-1703 provides "actual or threatened misappropriation may be enjoined."

38. T.C.A. § 47-25-1704 provides for the recovery of compensatory and exemplary damages for violation of the Act.

39. T.C.A. § 47-25-1705 provides for the recovery of attorneys' fees for violation of the Act.

## COUNT IV

### (AGAINST ALL DEFENDANTS)

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

40. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 39 herein.

41. At all times relevant herein, Defendants were, and are, aware of Plaintiff's business relationships with its customers and/or employees.

42. Defendants intentionally and maliciously interfered, and continue to so interfere, with Plaintiff's business relationships with its customers and/or employees by use of improper motives and improper means to intentionally cause the termination of said business relationships.

43. Defendants were, and are, motivated substantially by malice and personal interest in their interference with these business relationships, rather than the furtherance of legitimate business interests.

44. Defendants acted with intentional, malicious and/or wanton disregard of Plaintiff's rights and continue to do so.

45. As a result of Defendants' actions, Plaintiff has suffered and will suffer great, substantial, and irreparable injury and damage to their business, as described above.

46. Unless enjoined by this Court, Defendants will continue the unlawful actions and Plaintiff will suffer great, substantial, and irreparable injury and damage to its business.

47. Plaintiffs have no adequate remedy at law and are entitled to preliminary and permanent injunctive relief enjoining Defendants from further unlawful acts.

## COUNT V

### (AGAINST ALL DEFENDANTS)

### TORTIOUS INTERFERENCE WITH CONTRACT

48. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 47 herein.

49. At all times relevant herein, Defendants were, and are, aware of Plaintiff's contracts with their customers and/or employees.

50. Defendants intentionally and maliciously interfered, and continue to so interfere, with Plaintiff's contracts with their customers and/or employees by use of improper motives and improper means to intentionally cause the termination and/or violation of said contracts in violation of T.C.A. § 47-50-109.

51. Defendants were, and are, motivated substantially by malice and personal interest in their interference with these contracts, rather than the furtherance of legitimate business interests.

52. Defendants acted with intentional, malicious and/or wanton disregard of Plaintiff's rights and continue to do so.

53. As a result of Defendants' actions, Plaintiff has suffered and will suffer great, substantial, and irreparable injury and damage to their business, as described above.

54. As a result of Defendants' actions in inducing a breach of Plaintiff's contracts, Plaintiff is entitled to treble damages under T.C.A. § 47-50-109.

55. Unless enjoined by this Court, Defendants will continue the unlawful actions and Plaintiff will suffer great, substantial, and irreparable injury and damage to its business.

56. Plaintiff has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief enjoining Defendants from further unlawful acts.

## COUNT VI

### (AGAINST ALL DEFENDANTS)

### CIVIL CONSPIRACY

57. Plaintiff hereby incorporate the allegations in Paragraphs 1 through 56 herein.

58. Defendants have combined and conspired to harm Plaintiff.

59. Each Defendant has the intent to harm Plaintiff. Each Defendant has knowledge of the other Defendants' intent to harm Plaintiff.

60. Each Defendant has accomplished, by concert, an unlawful purpose, *i.e.*, malicious, spiteful, and wrongful injury to Plaintiff, and has done so by unlawful means.

61. As a result of Defendants' actions, Plaintiff has suffered and will suffer great, substantial, and irreparable injury and damage to their business, as described above.

62. Each Defendant is liable for the damages resulting from the wrongful acts of the other Defendants.

## COUNT VII

### (AGAINST ALL DEFENDANTS)

### INJURIOUS FALSEHOOD

63. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 62 herein.

64. Defendants have made one or more false statements about Plaintiff's business.

65. Defendants were aware that the statement(s) made about Plaintiff's business were false.

66. Defendants made the statement(s) in reckless disregard of their falsity.

67. Defendants intended for the statement(s) to result in harm to Plaintiff or recognized that their statement(s) would be injurious to Plaintiff.

68. Defendants acted with the intent to harm Plaintiff.

69. Defendants' statement(s) are harmful to Plaintiff's relationships with their customers and/or employees.

70. As a direct result of Defendants' actions, Plaintiff has suffered and will suffer great, substantial, and irreparable injury and damage to its business, as described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

1. Issue proper process to be served upon the Defendants, requiring them to appear and answer within the time provided by law;

2. Issue a preliminary and permanent injunction:

   a. Enjoining Defendants Brown and Smith, and all those in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from: 1) directly or indirectly disclosing or using any proprietary or confidential information or trade secret of Plaintiff for or to any person or entity; 2) directly or indirectly soliciting, interfering with, endeavoring to entice away or in any manner initiate contact with any customer of Crane 1;

and 3) performing any services competitive with that of Crane 1 within a 200 mile radius of Crane 1's Knoxville Branch;

    b. Enjoining Defendant Patriot Crane, and all those in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, from: 1) using or disclosing Plaintiff's proprietary or confidential information or trade secrets; and 2) inducing any current or former employee of Crane 1 to perform acts that are in violation of the terms of their agreements entered into with Crane 1; and

    c. Directing Defendants, and all those in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, to return to Plaintiff any of Plaintiff's proprietary or confidential information or trade secrets in their possession.

3. Direct Defendants, and all those in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, to take reasonable steps to ensure compliance with the Court's Orders.

4. Award compensatory damages to Plaintiff in an amount to be ascertained for Plaintiff's lost business.

5. Award treble damages to Plaintiff pursuant to T.C.A. § 47-50-109.

6. Award punitive damages to Plaintiff for Defendants' malicious, willful and wanton actions in an amount to be determined by the Court.

7. Award Plaintiff its attorneys' fees and costs associated with this action.

8. Assess the cost of this action against Defendants.

9. Grant such other and further relief that the Court deems to be just and proper under the circumstances, including pre-judgment and post-judgment interest.

Respectfully submitted,

s/ O. John Norris, III
O. John Norris, III (TN Bar No. 017504)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: norrisj@jacksonlewis.com

ATTORNEYS FOR PLAINTIFF

4815-7527-7868, v. 1

## VERIFICATION

I, Gregg Taylor, District Manager for Crane 1 Services, Inc., declare that I have read the foregoing Verified Complaint for Injunctive and Other Relief, and I have authority to sign this Verification on behalf of Plaintiff. The matters stated in the Verified Complaint for Injunctive and Other Relief are true and of my own knowledge, except as to the matters which are therein stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11TH day of January, 2016

*/s/ Gregg Taylor*
Gregg Taylor

4815-7527-7868, v. 1